UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SANJANA GUPTA**<br><br>*Plaintiff*<br><br>v.<br><br>**KRISTI NOEM**, Secretary of the U.S. Department of Homeland Security;<br>Office of the General Counsel<br>U.S. Department of Homeland Security<br><br>**JOSEPH EDLOW**, Director of the United States Citizenship and Immigration Services;<br><br>**ALISSA EMMEL**, Chief, Immigrant Investor Program Office, USCIS;<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**;<br><br>*Defendants* | Case No.:<br><br>**COMPLAINT FOR ADMINISTRATIVE PROCEDURE ACT RELIEF OR FOR WRIT OF MANDAMUS**<br><br>Agency Case Number:<br>IOE-82-637-02091 |

**COMPLAINT FOR ADMINISTRATIVE PROCEDURE
ACT RELIEF OR FOR WRIT OF MANDAMUS**

### I. INTRODUCTION

1. This civil action seeks to compel unreasonably delayed government action on the adjudication of a Form I-526E, Immigrant Petition by Regional Center Investor, that Plaintiff Sanjana Gupta filed on August 19, 2024. Exhibit A, I-526E Receipt Notice. In connection with her August 2024 filing, Plaintiff invested $800,000 into the EB5AN Boynton Beach Multifamily Fund XX, LP, (the "NCE"), which underlay the I-526E she filed with Defendants.

2. The NCE, containing Plaintiff's investment, was formed to provide up to $24 million of funding from 30 immigrant investors to help finance the development and operation of an active multifamily development in Boynton Beach, Florida (the "Project"). The Project was associated with the EB5AN Southeast Regional Center, LLC.

3. Plaintiff's I-526E has remained pending for over 15 months without a determination by USCIS.

4. Defendant USCIS states on its website that it adjudicates the vast majority (80%) of I-526E petitions in 14.5 months. *See* https://egov.uscis.gov/processing-times/.

5. The Administrative Procedure Act ("APA") requires that administrative agencies conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b).

6. This action seeks mandamus relief to compel Defendant USCIS to adjudicate Plaintiff's Form I-526E petition within a reasonable time.

7. The APA provides that a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. § 702. A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

8. As a result of this USCIS delay, Plaintiff suffers immediate and future harm as she awaits without certainty as to the future of her immigration status. *Infra* Part VII, Injuries.

9. Plaintiff seeks an order from this Honorable Court directing Defendants to complete all necessary steps, including adjudication of Plaintiff's pending I-526E petition, within 14 days from an Order of this Court.

10. Plaintiff is entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), *et seq*.

## II. JURISDICTION

11. This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. § 1331 (federal question jurisdiction), because Plaintiff's claims arise under the laws of the United States, including 5 U.S.C. §§ 555 and 701, *et seq*. ("APA"), 8 U.S.C. § 1101, *et seq*. ("INA") (including 8 U.S.C. § 1182). This court may grant relief in this action under 5 U.S.C. §§ 553, *et seq*. and §§ 701 *et seq*.; and 28 U.S.C. §§ 2201, *et seq*. (Declaratory Judgment Act).

12. Even in immigration actions where the federal courts lack jurisdiction over an agency's discretionary judgment as to whether to grant relief, this Court still has jurisdiction to ensure the agency is fulfilling its "non-discretionary duty to act on and process the application." *Geneme v. Holder*, 935 F. Supp. 2d 184, 190-92 (D.D.C. 2013) (collecting cases). Jurisdictional limitations on discretionary judgments, such as under the petition-for-review of removal order statute at 8 U.S.C. § 1252(a)(2)(B)(ii), are narrowly interpreted regarding the agency's mandatory duty to adjudicate an immigration application. *See id.* (applying *Kucana v. Holder*, 558 U.S. 233 (2010)); *see also Lovo v. Miller*, 107 F.4th 199, 210 (4th Cir. 2024) (reaching the same conclusion after scrutinizing *Patel v. Garland*, 596 U.S. 328 (2022)).

## III. VENUE

13. Venue properly lies within the District of Massachusetts under 28 U. S. C. §1391(c), (e)(1) because this is an action brought in the District where Plaintiff resides, in Medford, Massachusetts.

## IV. PARTIES

22. Plaintiff is an individual who has invested $800,000 of her own money in pursuit of U.S. lawful permanent residency ("green card" status). In addition, Plaintiff has paid thousands of dollars in USCIS filing fees, in addition to attorneys' fees. Plaintiff presently resides in Medford, Massachusetts.

23. Defendant, Kristi Noem, is the Secretary of the United States Department of Homeland Security, with responsibility for the administration of applicable laws and statutes governing immigration and naturalization. This action is brought against her in her official capacity only. She is generally charged with enforcement of the Immigration and Nationality Act and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. More specifically, the Secretary is responsible for the adjudication of petitions for alien entrepreneurs (EB-5 investors).

24. Defendant Alissa Emmel is the Chief of the Immigrant Investor Program Office, which is a component of USCIS, who is named herein only in her official capacity, as well as her successors and assigns. She is charged with oversight of the EB-5 Program including the vetting and approval of EB-5 Regional Centers, promulgating regulations on the types and forms of investment permitted in the EB-5 program, among other duties. She is further authorized to delegate certain powers and authority to subordinate employees of the USCIS.

25. Defendant, Joseph Edlow, is the Director of United States Citizenship and Immigration Services and is responsible for the administration of immigration and naturalization adjudication functions and establishing immigration services policies and priorities. These functions include: adjudication of immigrant visa petitions and applications for adjustment of status; adjudication of naturalization petitions; adjudication of asylum and refugee applications; adjudications of I-956 Applications for Regional Center Designation; adjudications performed at the service centers, and all other adjudications performed by the USCIS, including I-526 and I-526E petitions. Defendant Edlow is named herein only in his official capacity.

## V. STATEMENT OF FACTS

### Process to Gain Permanent Residence in the U.S. through Investment

26. The INA makes visas available to qualified immigrant investors who will contribute to the economic growth of the United States by investing in U.S. businesses and creating jobs for U.S. workers. INA § 203(b)(5) Congress created this employment-based fifth preference immigrant visa category (EB-5) to benefit the U.S. economy by providing an incentive for foreign capital investment that creates or preserves U.S. jobs. *See* USCIS Policy Manual, Vol. 6 (Immigrants), Part G (Investors), Ch. 1 (Purpose and Background).[1]

27. The U.S. government's EB-5 program allows immigrants to apply for lawful permanent residence after making a qualifying investment in the United States. These investors are required to commit lawfully obtained funds to an investment project in the United States, which will create at least 10 full-time jobs for U.S. workers. *See* USCIS Policy Manual, Vol. 6 (Immigrants), Part G (Investors), Ch. 2 (Eligibility Requirements).[2]

---

[1] https://www.uscis.gov/policy-manual/volume-6-part-g-chapter-1#footnote-1 (last accessed on November 10, 2025).
[2] https://www.uscis.gov/policy-manual/volume-6-part-g-chapter-2 (last accessed on November 10, 2025).

28. Immigrant investors whose Form I-526E EB-5 petitions are approved may be eligible to apply for an immigrant visa to enter the United States and begin their lawful permanent residency.

29. Once an immigrant investor has been approved for conditional permanent residency status, they are issued a "CPR green card" that is valid for two years. In order to obtain an unrestricted permanent resident green card (valid for 10 years), the immigrant investors must file I-829 petitions with Defendant USCIS. 8 C.F.R. § 216.6.

30. While there is no statutorily mandated timeline for Defendant USCIS to process I-526E petitions, Congress indeed requires that USCIS endeavor to process I-526E petitions within 120 days for an investment in a Targeted Employment Area – which applies to Plaintiff here – and all I-526E petitions within 240 days. EB-5 Reform and Integrity Act of 2022 (the "RIA"), Pub. L. No. 117-103, Division BB, § 106(b)(4)-(5), 136 Stat 1104, 1104. USCIS's current delay and published processing time of 14.5 months fall well beyond those timeframes. *See* https://egov.uscis.gov/processing-times/.

31. Likewise, "it is the sense of Congress that the processing of an immigrant benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b); *see also Raju v. Cuccinelli,* 2020 WL 4915773 at *2-3 (N.D. Cal. Aug. 14, 2020) (denying USCIS's motion to dismiss a complaint brought by 10 I-526 petitioners whose EB-5 petitions were delayed).

32. Given that Congress intended for only a two-year period of conditional permanent residency for EB-5 investors based on a I-526 approval, Congress clearly did not intend for I-526 processing times to be far more than two years. 8 U.S.C. § 1186b(b)-(c).

33. There are no further administrative remedies available to Plaintiff to redress their grievances described herein.

## VI. CLAIMS FOR RELIEF

### Count I - Violation by DHS/USCIS of APA, 5 U.S.C. § 555(b)

34. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

35. Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. § 702. Agency action includes a failure to act. *See* 5 U.S.C. § 551(13).

36. The APA requires agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555(b).

37. A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

38. Under the APA, Defendants have a mandatory, non-discretionary duty to complete the adjudication of Plaintiff's I-526E petition, and to do so within a reasonable time.

39. Under the INA and DHS regulations, DHS, through its sub-agency USCIS, has a mandatory, non-discretionary duty to adjudicate Plaintiff's I-526E petition. *See* 8 C.F.R. § 103.2(b)(19) (requiring a written decision on petitions and applications).

40. Plaintiff challenges only the reasonableness of the Defendants' delays or inaction in the adjudication of the I-526E application, not the grant or denial of this filing.

41. Considering that Congress expressed its intent that immigration benefit applications should be adjudicated within 180 days, Defendants' current delay of over 15 months is unreasonable under the Administrative Procedure Act. *See supra*.

42. Plaintiff has exhausted the available administrative remedies, as noted above.

43. Defendants' unreasonable and unlawful delays in completing the adjudication of the I-526E petition have caused, and are causing, Plaintiff's ongoing and substantial injuries in the

form of delaying her permanent adjustment of status immigration into the U.S. and enjoyment of the rights and privileges that come with that status. *Infra* Part VII.

### Count II – Violation by DHS/USCIS of APA, 5 U.S.C. § 701, *et seq.*

44. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

45. The APA requires this Court to hold unlawful and set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A).

46. Defendants' policy decisions to under-staff the USCIS Immigrant Investor Program Office have resulted in Plaintiff's I-526E pending for many months, despite Defendant USCIS charging significant fees for each I-526E petition. Defendant USCIS has dramatically increased its filing fees for each I-526E, which now amount to $11,160 for each petition, plus a $1,000 Integrity Fee fund and more for each family member as applicable, as well as a filing fee of $9,525 for each I-829 petition to remove the conditions on permanent residency. "[T]he imposition of a considerable mandatory adjudication fee implies that Congress intended for the [Secretary of Homeland Security] actually decide applications." *See Kim v. USCIS,* 551 F. Supp. 2d 1528, 1262 (D. Colo. 2008).

47. Defendants' arbitrary, capricious, and otherwise unlawful acts of refusal to timely adjudicate Plaintiff's I-526E petition have caused, and are causing, her ongoing and substantial injuries. *Infra* Part VII.

### Count III - Mandamus Action to Compel Officers of DHS/USCIS to Perform their Duty

48. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

49. Plaintiff asserts claims for mandamus relief under 28 U.S.C. § 1361 which provides the authority to compel an agency to perform a duty owed to them.

50. Defendant DHS, through its sub-agency USCIS, has a mandatory, non-discretionary duty to adjudicate Plaintiff's I-526E petition. *See* 8 C.F.R. § 103.2(b)(19) (requiring a written decision on petitions and applications).

51. Defendant USCIS has a mandatory, ministerial, non-discretionary duty to complete the adjudication of Plaintiff's I-526E petition within a reasonable time.

52. Plaintiff challenges only the reasonableness of Defendants' delays or inaction in the adjudication of Plaintiff's I-526E petition, not the grant or denial of this filing.

53. Plaintiff has no other adequate remedy to compel the agency to perform its duties.

54. Plaintiff asks the Court to compel Defendants to perform their duties and complete the adjudication of Plaintiff's I-526E petition.

55. Defendants' unreasonable and unlawful delays in completing the adjudication of Plaintiff's I-526E petition have caused, and are causing, her ongoing and substantial injuries in the form of delays of her permanent immigration to the U.S. and resulting increased expenses and loss of rights.

## VII. INJURIES TO PLAINTIFF

56. Defendants' unreasonable delays in completing the adjudications of the I-526E petition have continued to cause Plaintiff substantial harm. Meanwhile, Plaintiff's life is on hold. The backlog, filing fees, and practical considerations make it next to impossible for Plaintiff to start anew by filing a new I-526E, which would send her back to square one at the start of the line.

57. Numerous other project investors have received approvals, but Plaintiff, who started the process over 15 months ago, is still waiting for an answer. According to USCIS policy published in the Policy Manual, USCIS will give deference to prior approvals in adjudicating subsequent petitions for the same investment project.

58. The longer it takes for Plaintiff's petition to be adjudicated, the longer her money is at risk, and the greater the risk that the project will fail and be unable to return her money in the event of a final denial of her petition.

59. The uncontemplated and unreasonable delay also prejudices the immigration interests of Plaintiff. At best, it indefinitely delays her ability to obtain conditional permanent resident status, which includes the ability to, anywhere in the United States, relocate, work, and start a business, as well as delaying her ability to become a U.S. citizen through naturalization. At worst, it prevents her from ever achieving these goals if changes in the project occur which USCIS considers to be a material change.

60. USCIS policy states that if there is a "material change" in the EB-5 investment after an investor has filed an I-526E petition but before that investor has become a conditional resident, it is ground for the denial or revocation of the I-526E petition. Plaintiff could be subject to this detrimental policy and if she has not yet become a conditional resident, primarily as the result of USCIS delays in processing her petition.

61. USCIS has historically adopted new EB-5 policies without notice or warning to the public, with the result being the denial of petitions based on facts or circumstances that were previously approved regularly by USCIS. USCIS routinely applies these new policies retroactively to petitions filed prior to the adoption of the new policy.

62. The longer the petition is pending, the greater the risk that Plaintiff will be the victim of an unannounced policy change that renders her petition — which was approvable under the policy in existence at the time of filing — no longer approvable.

63. Plaintiff, who has invested $800,000 to create U.S. jobs, has been forced to wait with no realistic way to predict when Defendant USCIS will adjudicate her I-526E petition, much less

when she will be able to become an unconditional U.S. lawful permanent resident (and eventually qualify to become a U.S. citizen).

WHEREFORE, Plaintiff prays that this Honorable Court:

1. Declare that Defendants' delays in completing the adjudication of Plaintiff's I-526E petition are unreasonable and in violation of the APA and the INA;

2. Compel Defendants to perform their duties to complete the adjudication of the I-526E petition;

3. Compel Defendants to complete all necessary steps, including adjudication of Plaintiff's pending I-526E petition within 14 days of an Order of this Court;

4. Grant such other relief as this Court deems proper under the circumstances; and

5. Grant Plaintiff attorneys' fees, expenses and costs of court, pursuant to the EAJA.

Date: December 9, 2025

/s/Anthony Drago
Anthony Drago, Jr.
Anthony Drago, Jr., P.C.
88 Broad Street – 5th Floor
Boston, MA 02110
(617) 357-0400
(617) 357-8353 (fax)
Anthony@adragopc.com

Respectfully submitted,

/s/Duncan T. Fulton
Duncan T. Fulton
Klasko Immigration Law Partners, LLP
1 Thomas Cir NW, Suite 700
Washington, DC 20005
215-825-8670
215-825-8699 (fax)
dfulton@klaskolaw.com
*Applicant for Admission Pro Hac Vice*